Ex parte Fabriciano Cartagena Hernández, Petitioner and Appellant. Elías Rodríguez, Respondent, and Evaristo Flores, Judicial Administrator, Appellees.

No. 8476. Argued February 1, 1943.—Decided April 28, 1943.

784

*Luis Mendín Sabat* for appellant. *J. Calasanz Rivera* for respondent and appellee. *R. Ortiz Pacheco* for the judicial administrator, appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The petitioner Fabriciano Cartagena Hernández appeals from an order of the District Court of Humacao, dated October 1, 1941. The appeal deals with two questions decided by the court below, to wit:

(*a*) Denying the "reconsideration filed by the petitioner on December 28, 1938, to annull the order of this court of December 12, 1938, ordering the judicial administrator to measure, fence, and hold in his possession out of a thirteen-acre (*cuerda*) estate, which is the subject of civil suit number 14105, only 8½ acres that are described in said order, and ordering at the same time the delivery of possession of the rest of said estate to its owner, Elías Rodríguez, surviving spouse of Nicasio Cartagena, so that this part would be out of the judicial administration."

(*b*) Declaring "void and without legal effect two attachments made upon property under judicial administration."

A motion to dismiss the appeal was filed by the appellee, and this court, by order of November 30, 1942, granted said dismissal with regard to question (*a*) because the same was not appealable within subdivision 3, §295 of the Code of Civil Procedure, since it dealt with an order deciding a motion for reconsideration; and overruling it with regard to question (*b*) of said order because this was one "annulling . . . an attachment" which is included among the appealable orders enumerated in the aforesaid subdivision of §295 of the Code of Civil Procedure.

The petitioner-appellant filed a motion asking for the reconsideration by this court of the said order, and the same was overruled by order of December 8, 1942.

The appellee has filed a new motion asking for the dismissal of this appeal because it is entirely frivolous and lacks any practical finality.

■ The second error assigned in his brief by the appellant is to the effect that the motion filed by the judicial administrator on April 23, 1940, asking for the reconsideration of the orders of the District Court of Humacao, dated January 3, 1940, was filed too late. He argues, as the basis for his assignment of error, that more than three months have passed since the date on which the order to which the motion of the judicial administrator refers was issued by the court to the time when the motion was filed in court, and therefore, this motion was filed too late, because the provisions of §292 of the Code of Civil Procedure as amended by Act No. 67 of May 8, 1937 (Laws of 1936–37, p. 198) were not complied with. Said section reads as follows:

"A judgment or order in a civil action, except when expressly made definite and final, may be reviewed as prescribed in this Code, and not otherwise.

"Any party aggrieved by a judgment or resolution of a district court in a civil action may, within the unextendible term of fifteen (15) days from the date of the filing in the case of a copy of the notification of the judgment or within the unextendible term of five (5) days from the date of the filing in the case of a copy of the notification that judgment has been rendered, file in the court where the judgment or resolution was rendered, an *ex-parte* petition for the review or reconsideration of its judgment or resolution, stating therein the facts and the fundamentals of law on which the application is based. The court shall decide the motion for reconsideration within five (5) days after it is filed, and if the court rejects the petition outright, the term for appealing from the judgment or resolution whose review is applied for shall be computed in the manner provided in this Code, as if no petition for review or reconsideration had been presented. If the court decides to reconsider its judgment or resolution, or to hear the parties on the motion for reconsideration, the term for appealing shall be computed from the date of the filing, as part of the record of the case, of a copy of the notification made by the secretary of the court to the party against whom the final decision of the court was rendered."

As may be seen, in order to start the statutory period running it is indispensably required that there be filed with

the proceedings a copy of the notification of the judgment or of the notification of the order.

It not appearing from the transcript that said notification was made or that a copy of the same was filed with the proceedings, this court is unable to determine if said motion for reconsideration was filed within the legal time or too late, as the appellant argues.

■ The appeal lacks merit and has been prosecuted in such a confusing and unintelligible manner that it is almost impossible to determine what is the question involved therein. From the judgment roll there does not appear either the reason why a judicial administrator was appointed, or the reasons why attachments were ordered in civil cases Nos. 1310 and 1125 by the District Court of Humacao.

■ The appellant contends that this court should take judicial notice, not as in the case of *Aponte & Sobrino* v. *Heirs of Pérez* (1935), 48 P.R.R. 437, of another judicial cause brought before it to apply it to another judicial cause brought before the same court, but of facts and questions pending before other courts.

■ It is an appellant's duty to help the court understand what are the facts or legal questions submitted to it by presenting in his brief the facts in an orderly manner and by making his allegations in a clear and concise way.

The transcript of the proceedings is not only incomplete, but even more, the proceedings transcribed are not placed in chronological order, which is the least that the appellant could have done in order to cooperate with this court.

For the aforesaid reasons, we believe that the appellant not having placed this court in a position to ascertain the merits of his assignments of error, the appeal should be dismissed and the motion for dismissal filed by the appellee is hereby granted.